UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) – PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2, filed on March 18, 2026)

## I.    INTRODUCTION

On March 18, 2026, Hao Qu ("Petitioner"), pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Markwayne Mullin, Pamela Bondi, Thomas Giles, and James Pilkington. Dkt. 1 ("Pet."). On the same day, Petitioner filed the instant *ex parte* application for a temporary restraining order. Dkt. 2 ("App."). Petitioner requests that the Court order Petitioner's immediate release from custody and enjoin Respondents from re-detaining Petitioner and removing him to a third country absent compliance with statutory, regulatory, and constitutional protections. See App. at 2-3.

On March 20, 2026, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court. Dkt. 6. On March 24, 2026, Respondents filed a return to the petition with a declaration of a DHS Deportation Officer that describes petitioner's case. Dkt. 8 ("Opp."); dkt. 8-1 ("Hernandez Decl.")

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

## II.   BACKGROUND

Petitioner was born on May 15, 1988, and his parents are originally from China. Pet. at 9. Petitioner entered the United States in 2006 when he was eighteen years old and has lived in the United States for almost twenty years. Id. According to Respondents, Petitioner is a native and citizen of China who was admitted into the United States on December 19, 2006, as an F-1 student. Hernandez Decl. ¶¶ 4-5.

On February 24, 2010, Petitioner filed an asylum application, Form I-589, with United States Citizenship and Immigration Services ("USCIS"). Id. ¶ 6. On June 18, 2010, USCIS closed the asylum application and Petitioner was determined to be ineligible. Id. ¶ 7.

On or about December 13, 2017, Petitioner was convicted in San Bernardino County Superior Court for the offense of "Theft of Utility Services," in violation of Section 498(D) of the California Penal Code. Id. ¶ 8. Petitioner was sentenced to 120 days of jail and three years of probation. Id. On or about December 27, 2017, Petitioner was convicted in Los Angeles County Superior Court for the offense of "Cultivate Marijuana 6+ Plants," in violation of Section 11258(C) of the California Health and Safety Code. Id. ¶ 9. Petitioner was sentenced to three years of probation. Id.

On May 20, 2019, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") in Los Angeles, CA, encountered Petitioner and took him into custody. Id. ¶ 10. ICE ERO served Petitioner a Notice to Appear, Form I-862, under Section 237(a)(1)(C)(i) of the Immigration and Nationality Act ("INA"). Id.

On September 13, 2019, an immigration judge ("IJ") in Los Angeles, CA, ordered Petitioner removed to China. Id. ¶ 11. On December 12, 2019, ICE ERO in Adelanto, CA, released Petitioner from custody on an Order of Supervision ("OSUP"). Id. ¶ 12.

On December 17, 2025, ERO Los Angeles took Petitioner into custody and served Petitioner with a Notice of Revocation of Release, Form I-205, Warrant of Removal/Deportation, Form I-294, and a Warning to Alien Ordered Removed or Deported. Id. ¶ 13. According to Respondents, Petitioner has a Final Order of Removal and will remain in ERO custody pending removal to China under Section 240 of the INA. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

On or about December 31, 2025, a travel document request packet was submitted for review and approval by DHS Headquarters. Id. ¶ 14. On or about February 3, 2026, the completed travel document request packet was sent to the Consulate General of China for issuance of official travel documents. Id. ¶ 15. Additionally, a completed travel document request packet was sent to DHS Headquarters for issuance of official travel documents and scheduling of removal. Id. ¶ 15.

On March 16, 2026, Petitioner was scheduled for a charter removal flight departing on March 25, 2026. Id. ¶ 16. On March 20, 2026, the Court ordered that Petitioner was not to be removed or transferred from the Central District of California until further order of the Court. Id. ¶ 17; see dkt. 6.

## III.    LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|----------|-----------------------|------|----------------|
| Title | Hao Qu v. Markwayne Mullin et al | | |

Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV.   DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

### A.   Jurisdiction

As a threshold matter, the Court must consider whether it has jurisdiction to review Petitioner's claims in her petition. 8 U.S.C. § 1252(g) explicitly deprives the Court of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). See Jennings v. Rodriguez, 583 U.S. 281, 294 n.3; Ibarra-Perez v. U.S., 154 F.4th 989, 996 (9th Cir. 2025); Balogun v. Sessions, 330 F. Supp. 3d 1211, 1214 (C.D. Cal. 2018); see also 8 U.S.C. §1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.").

Respondents argue that pursuant to 8 U.S.C. § 1252(b)(9) and (g), this Court lacks jurisdiction over Petitioner's claims "[i]nsofar as Petitioner seeks to effectively block Petitioner's arrest and detention pursuant to removal proceedings." Opp. at 6.

The Court disagrees. Section 1252(g) prohibits claims based on the exercise of "prosecutorial discretion," Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999), but it is not within the "discretion" of the government to exceed the scope of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|----------|------------------------|------|----------------|
| Title | Hao Qu v. Markwayne Mullin et al | | |

its authority or otherwise violate the law. See Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders."). Although "discretionary decisions are shielded from review," Petitioner here "objects to the lack of process afforded him" regarding his detention and anticipated removal to a third country, not to "ICE's discretionary authority about 'when' to remove him or 'whether' to remove him." See id. at 999; Jennings v. Rodriguez, 583 U.S. 281 (2018) ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)).

Thus, the Court concludes that it has jurisdiction, pursuant to 28 U.S.C. § 2241, to review Petitioner's claims that his federal detention is unlawful. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). And the Court also has jurisdiction to review Petitioner's claims to enjoin his removal to a third country. Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) (holding that claim based on third-country removal without notice "raise[d] purely legal arguments in challenging [the] removal," including whether the plaintiff "had a right to meaningful notice and an opportunity to present a fear-based claim," and thus that the action was not barred by section 1252(g)).

**B.      Petitioner is Likely to Succeed on the Merits as to his Procedural Due Process Claim**

Petitioner argues that his re-detention violates his due process rights under the Fifth Amendment and is unlawful under 8 U.S.C. § 1231 and Zadvydas v. Davis, 533 U.S. 678 (2001). Pet. at 9-10. Petitioner also argues that his detention violates due process because Respondents violated their own regulations governing the revocation of Petitioner's OSUP. Id. at 10-11.

1.      Substantive Due Process

Petitioner, who was detained for three months in 2019 and more than three months now, see Hernandez Decl., has been cumulatively detained for longer than the presumptively reasonable six-month period under Zadvydas after a final order of removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
| Title | Hao Qu v. Markwayne Mullin et al | | |

has been issued.  Numerous courts interpreting <u>Zadvydas</u> have held that "the six-month period does not reset when the government detains a[ ] [noncitizen] ..., releases him from detention, and then re-detains him again." <u>Sied v. Nielsen</u>, No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (citing cases); see also <u>Siguenza v. Moniz</u>, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the <u>Zadvydas</u> period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.") (collecting cases across circuits); <u>Abubaka v. Bondi</u>, No. 25-cv-1889, 2025 WL 3204369, at *3 (W.D. Wash. Nov. 17, 2025) ("[W]here a petitioner has been detained and released by ICE multiple times after a final order of removal, 'the clock' on Zadvydas's six-month period of presumptive reasonability does not re-start with each successive detention."). The Court is persuaded by these courts' interpretation of the <u>Zadvydas</u> six-month presumption as applied to petitioners who are re-detained pursuant to a final order of removal.

Therefore, it is not presumptively reasonable for the government to detain Petitioner, and if Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." <u>Zadvydas</u>, 533 U.S. at 701.  Petitioner alleges that "over 6 years and multiple prior attempts," the government "has been unable to obtain travel documents from China or [to] identify a third country willing to accept Petitioner." Pet. at 10.  The government argues that such conclusory allegations are insufficient and that "Petitioner has not shown that the government of China has will not [sic] issue a travel document for him or that there are any insurmountable barriers precluding his removal." Opp. at 3.

The Court finds that Petitioner provided good reason to believe that that there is no significant likelihood that he will be removed in the reasonably foreseeable future. Consequently, the burden shifts to the government to rebut that showing. <u>Zadvydas</u>, 533 U.S. at 701.  Respondents' declaration that Petitioner "was scheduled for a charter removal flight departing on March 25, 2026," suggests that Petitioner's removal is foreseeable and imminent.  Hernandez Decl. ¶ 16.  Based on Respondents' declaration, the Court finds that Petitioner is not likely to succeed on the merits of his substantive due process claim under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

2.    Procedural Due Process

Petitioner also argues that his re-detention on December 17, 2025, violated his procedural due process rights under 8 C.F.R §§ 241.4(*l*) and 241.13(i), the federal regulations governing the revocation of release and re-detention of removable noncitizens.  App. at 16.

Under the federal regulations, the government "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future."  8 C.F.R § 241.13(i)(2).  The regulations further provide that "[u]pon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release.  The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."  Id. § 241.13(i)(3).  Petitioner alleges that Respondents failed to meet these requirements.  Pet. at 11.  Petitioner alleges that Respondents' generic assertion of changed circumstances, without any particularized evidence that Petitioner was now significantly likely to removed to China in the reasonably foreseeable future, when he was not removable before, is inadequate.  Id.

Respondents do not present any opposition to this argument.  Under the facts presented by Respondents, it appears to the Court that no travel documents for Petitioner had been obtained by Respondents or even requested at the time of Petitioner's arrest and detention on December 17, 2025.  See Hernandez Decl. ¶ 14 (travel document request packet was submitted for review two weeks after Petitioner's arrest).  Respondents have provided no evidence that, "on account of changed circumstances," at the time of arrest, "there [was] a significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future."  8 C.F.R § 241.13(i).  Therefore, Respondents' revocation of Petitioner's OSUP and re-detention of Petitioner likely violated their own regulations.  An agency's failure to follow its own regulations that protect the interests of a party before the agency may be a due process violation.  Sameena Inc. v. U.S. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

"Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" Constantinovici v. Bondi, No. 3:25-CV-02405-RBM-AHG, 2025 WL 2898985, at *6 (S.D. Cal. Oct. 10, 2025) (quoting Rokhfirooz v. Larose, Case No.: 25-cv-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025)) (collecting cases).

C.     **Petitioner is Likely to Succeed on the Merits as to his Third Country Removal Due Process Claim**

Petitioner argues that to the extent his detention is to effectuate his removal to a third country, ICE has not given him sufficient notice of the proposed third country and an opportunity to request deferral or withholding of removal to the third country under the INA or the Convention Against Torture ("CAT"). Pet. at 12. Petitioner also argues that if his detention is meant to facilitate his removal to a third country in violation of his due process rights, then the detention itself is also illegal. Id. Petitioner also argues that his removal to a third country where he might face imprisonment violates the constitutional prohibition on "punitive" removal practices. Id. at 13.

Respondents argue that Petitioner's request for a prospective injunction regarding his potential removal to a third country should be denied because Petitioner's removal to a third country absent statutory, regulatory, and constitutional protections is speculative. Opp. at 7. Respondents argue that Petitioner assumes without presenting evidence or factual support that he will be removed unlawfully to an undesignated third country and without notice and an opportunity to be heard. Id. Furthermore, Respondents contend that "[i]t is improper to prospectively enjoin the government to follow the law." Id. at 7 (citing cases).

In this case, Respondents' declaration is unclear as to the destination of Petitioner's scheduled charter removal flight. Hernandez Decl. ¶ 16. The declaration is also not clear as to whether travel documents had successfully been obtained for Petitioner's removal to China. See id. ¶¶ 14-15. Given Respondents' failure to clearly disavow that Petitioner's scheduled removal was to a third country not expressly designated on his final order of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

removal, the Court finds that Petitioner's potential removal to a third country is not speculative. Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *5 (C.D. Cal. Sept. 26, 2025) ("The Court is satisfied that, as a noncitizen with a removal order—who is, therefore, inherently subject to [DHS's policy of third country removal with minimal notice]—Petitioner has sufficiently 'demonstrated that he is realistically threatened by a repetition of the violation' at issue.") (quoting Melendres v. Arpaio, 695 F.3d 990, 997 (9th Cir. 2012)). Thus, to the extent that Respondents argue that Petitioner lacks standing to pursue this claim, the argument is without merit.

The Court finds that Petitioner's potential removal "to a third country[,] without meaningful notice and an opportunity to assert a fear-based claim," would likely violate due process. Castillo v. Chestnut, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *8 (E.D. Cal. Jan. 16, 2026); see also D.V.D. v. U.S. Dep't of Homeland Sec., No. CV 25-10676-BEM, 2026 WL 521557, at *44 (D. Mass. Feb. 25, 2026) (declaring that the government's policy of approving third country removals without effective notice is unlawful). "Failing to notify individuals who are subject to deportation that they have the right to apply . . . for withholding of deportation to the country to which they will be deported violates . . . the constitutional right to due process." Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." Najjar v. Lynch, 630 Fed. App'x 724 (9th Cir. 2016).

Accordingly, the Court finds that Petitioner is likely to succeed on the merits of his claim that he has a due process right to receive meaningful notice and an opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country. See Juarez v. Noem, No. 5:26-CV-00014-MWC-KS, 2026 WL 127607, at *5 (C.D. Cal. Jan. 9, 2026) ("enjoin[ing] Respondents from removing Petitioner from this District for the pendency of these proceedings or thereafter removing him to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

**D.    Petitioner is Likely to Suffer Irreparable Harm Absent Regulatory Compliance**

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury.  If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023).  Here, Petitioner has shown a likelihood of success on his procedural due process claim based on Respondents' alleged failure to comply with their own regulations governing revocation of supervised release.  Respondents should not have arrested and detained Petitioner absent compliance with federal regulations requiring notice of changed circumstances demonstrating a significant likelihood that he may be removed in the reasonably foreseeable future.  8 C.F.R § 241.13(i).  Petitioner's alleged failure to follow their own regulatory procedures constitutes a due process violation, which means that his arrest and detention were unlawful and would continue to be unlawful if his removal is not reasonably foreseeable.  The Court finds that Petitioner "establishe[s] a likelihood of irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).

The Court further finds that Petitioner is likely to suffer irreparable harm if DHS deports him to a third country before he is afforded his due process rights to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge. See Vaskanyan v. Janecka, No. 5:25-CV-01475-MRA-AS, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025) ("Petitioner's removal to a third country without due process, however, *is* likely to result in irreparable harm at this time.") (emphasis in original).

**E.    Balance of Equities and the Public Interest**

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).  The government has a significant interest in the enforcement of its immigration laws.  Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention that is likely in violation of federal law and the Constitution; similarly, removing him to a third country prior to affording him meaningful notice and opportunity to raise a country-specific claim against removal would likely be a violation of due process.  See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

### F.    Appropriate Relief

While Petitioner's initial arrest and detention may have been unlawful, it appears that Respondents can now demonstrate that Petitioner's removal can be effectuated in the reasonably foreseeable future.  Accordingly, the Court finds that it would be inappropriate to order Petitioner's release, only for Respondents to now have the lawful authority to revoke Petitioner's release on account of changed circumstances and to detain Petitioner pursuant to 8 U.S.C. § 1231.  Nonetheless, Petitioner is entitled to the procedure provided by the regulations for the revocation of his supervised release.  Specifically, Petitioner is entitled to effective notice of the changed circumstances demonstrating that there is a significant likelihood that he may be removed in the reasonably foreseeable future; to an informal interview affording him the opportunity to respond to the reason for his detention; and, if not released from custody following the informal interview, to the procedures provided by 8 C.F.R. § 241.4.  See 8 C.F.R. § 241.13(*i*)(2).  As to Petitioner's potential removal to a third country, Petitioner is entitled to meaningful notice followed by a meaningful opportunity to raise a fear-based claim.  See 8 U.S.C. § 1231(b)(3)(A) ("the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.").  The Court recognizes the potential "ambiguity in the phrase 'meaningful opportunity,'" and thus orders that "[f]ollowing notice, [Petitioner] must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal."  D.V.D. v. U.S. Dep't of Homeland Sec., No. CV 25-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025), reconsideration denied sub nom. D.V.D v. U.S. Dep't of Homeland Sec., 786 F. Supp. 3d 223 (D. Mass. 2025).

### G.    Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO.  See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-01302-CAS-AGR | Date | March 26, 2026 |
|---|---|---|---|
| Title | Hao Qu v. Markwayne Mullin et al | | |

("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** Petitioner's request for a temporary restraining order.  It is hereby **ORDERED** that:

1. Respondents shall, no later than two (2) days of the date of the issuance of this Order, provide notice to Petitioner, in writing, of the changed circumstances demonstrating that there is a significant likelihood that he may be removed to China or some third country in the reasonably foreseeable future.  Thereafter, Respondents shall provide Petitioner an informal interview to contest the stated reasons for revocation of his supervised release.

2. In the case of removal to a third country, Respondents are enjoined from attempting or effectuating Petitioner's removal unless they first provide him with meaningful notice followed by a meaningful opportunity of at least ten days following notice to raise a fear-based claim before an immigration judge.

3. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing.

4. Respondents shall file a status report within three (3) days of this Order confirming their compliance with this Order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |